IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MARLA NURCZYK, | ) |
|             Plaintiff, | ) ) ) |
| vs. | ) ) |
| JEFFERSON CAPITAL SYSTEMS, LLC, | ) ) |
|             Defendant. | ) |

## COMPLAINT

## INTRODUCTION

1. Plaintiff Marla Nurczyk brings this action to secure redress from deceptive debt collection practices engaged in by defendant Jefferson Capital Systems, LLC ("Jefferson"). Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA"), and the Illinois Collection Agency Act, 225 ILCS 425/1 et seq. ("ICAA").

2. The FDCPA broadly prohibits unfair or unconscionable collection methods, conduct which harasses or abuses any debtor, and the use of any false or deceptive statements in connection with debt collection attempts. It also requires debt collectors to give debtors certain information. 15 U.S.C. §§1692d, 1692e, 1692f and 1692g.

3. In enacting the FDCPA, Congress found that: "[there is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." 15 U.S.C.A. § 1692(a).

4. Because of this, courts have held that "the FDCPA's legislative intent emphasizes the need to construe the statute broadly, so that we may protect consumers against debt collectors' harassing conduct." and that "[this intent cannot be underestimated." *Ramirez v. Apex Financial Management LLC*, 567 F.Supp.2d 1035, 1042 (N.D.Ill. 2008).

1

5. The FDCPA encourages consumers to act as "private attorneys general" to enforce the public policies and protect the civil rights expressed therein. *Crabill v. Trans Union, LLC*, 259 F.3d 662, 666 (7th Cir. 2001).

6. Plaintiff seeks to enforce those policies and civil rights which are expressed through the FDCPA, 15 U.S.C. §1692 *et seq*.

7. The ICAA reflects a determination that "The practice as a collection agency by any entity in the State of Illinois is hereby declared to affect the public health, safety and welfare and to be subject to regulation and control in the public interest. It is further declared to be a matter of public interest and concern that the collection agency profession merit and receive the confidence of the public and that only qualified entities be permitted to practice as a collection agency in the State of Illinois. This Act shall be liberally construed to carry out these objects and purposes. . . . It is further declared to be the public policy of this State to protect consumers against debt collection abuse." 225 ILCS 425/1a.

## VENUE AND JURISDICTION

8. This Court has jurisdiction under 15 U.S.C. §1692k (FDCPA), 28 U.S.C. §1331, 28 U.S.C. §1337 and 28 U.S.C. §1367.

9. Venue and personal jurisdiction in this District are proper because:

   a. Defendant's collection communications were received by plaintiff within this District;

   b. Defendant does or transacts business within this District.

## PARTIES

10. Plaintiff Marla Nurczyk is a resident of the Northern District of Illinois.

11. Defendant Jefferson is a limited liability company organized under the law of Georgia with principal offices at 16 McClelland Road, St. Cloud, MN 56303. It does business in Illinois. Its registered agent and office is Illinois Corporation Service Co., 801 Adlai Stevenson Drive, Springfield, IL 62703.

12. Defendant Jefferson is engaged in the business of acquiring and collection charged-off consumer debts.

13. Defendant Jefferson uses the mails and telephone system to collect debts through dunning, lawsuits and otherwise.

14. Defendant Jefferson has filed more than 1,000 collection lawsuits in the Circuit Court of Cook County, Illinois, alone. Other collection lawsuits are filed in other counties.

15. Defendant Jefferson is a debt collector as defined in the FDCPA and a collection agency as defined in the Illinois Collection Agency Act.

## FACTS

16. On December 15, 2015, Jefferson filed a collection suit against plaintiff in the Lake County Circuit Court, 15 SC 6268. A copy of the complaint and related papers is attached as Appendix A.

17. Jefferson had a summons served on plaintiff's mother.

18. Plaintiff's mother's name is Adrienne Goodman.

19. Plaintiff is of legal age and did not live with her mother.

20. Plaintiff's mother informed the process server that Plaintiff did not live with her. Plaintiff's mother was served with Appendix A which revealed the information related to the collection suit. Appendix A was not served in an envelope.

21. Defendant directed Appendix A to be delivered the address of Plaintiff's mother.

22. The effect of this action was to disclose the debt to plaintiff's mother.

23. Plaintiff was forced to retain an attorney and pay an appearance fee to defend the action.

24. Plaintiff appeared in court through counsel on February 19, 2016.

25. Jefferson nonsuited the case on February 19, 2016.

26. Plaintiff was embarrassed and aggravated as a result.

## COUNT I – FDCPA

27. Plaintiff incorporates paragraphs 1-26.

28. Defendant violated 15 U.S.C. 1692c by making plaintiff's debt known to plaintiff's mother.

29. Section 1692c provides:

> **. . . (b) Communication with third parties**
>
> **Except as provided in section 1692b of this title, without the prior consent of the consumer given directly to the debt collector, or the express permission of a court of competent jurisdiction, or as reasonably necessary to effectuate a postjudgment judicial remedy, a debt collector may not communicate, in connection with the collection of any debt, with any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector. . . .**
>
> **(d) "Consumer" defined**
>
> **For the purpose of this section, the term "consumer" includes the consumer's spouse, parent (if the consumer is a minor), guardian, executor, or administrator.**

WHEREFORE, the Court should enter judgment in favor of plaintiff and against defendant for:

    i. Statutory damages;

    ii. Actual damages;

    iii. Attorney's fees, litigation expenses and costs of suit;

    iv. Such other and further relief as the Court deems proper.

## COUNT II – ILLINOIS COLLECTION AGENCY ACT

30. Plaintiff incorporates paragraphs 1-26.

31. Defendant is a "collection agency" as defined in the ICAA.

32. Section 425/3(d), as amended effective Jan. 1, 2008, brings debt buyers within its purview by providing that "A person, association, partnership, corporation, or other legal entity acts as a collection agency when he or it . . . Buys accounts, bills or other indebtedness and engages in collecting the same."

33. Previously coverage was limited to a person who "Buys accounts, bills or other

indebtedness with recourse and engages in collecting the same".

34. By deleting "with recourse," the legislature intended to classify as a "collection agency" persons such as the defendant who buy charged-off debts for their own account.

35. In addition, the 2007 amendments repealed the definition of "collection agency" contained in former §425/2.02 and provided a more expansive set of definitions which, among other things, now define a "collection agency" as "any person who, in the ordinary course of business, regularly, <u>on behalf of himself or herself or others</u>, engages in debt collection." 225 ILCS 425/2 (emphasis added).

36. Thus, one who purchases delinquent debt for himself and engages in any acts defined as "debt collection" is covered.

37. Defendant violated the following provisions of 225 ILCS 425/9:

> **. . . (21) Disclosing or threatening to disclose information relating to a debtor's debt to any other person except where such other person has a legitimate business need for the information or except where such disclosure is permitted by law. . . .**

38. A private right of action exists for violation of the ICAA. *Sherman v. Field Clinic,* 74 Ill. App. 3d 21, 392 N.E.2d 154 (1st Dist. 1979).

WHEREFORE, plaintiff requests that the Court grant the following relief in favor of plaintiff and against defendant:

    i.    Compensatory and punitive damages;

    ii.    Costs.

    iii.    Such other and further relief as is appropriate.

                                                                                     _____
                                                                                              Daniel A. Edelman

Daniel A. Edelman
Cassandra P. Miller
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
20 South Clark Street, Suite 1500
Chicago, IL 60603-1824
(312) 739-4200
(312) 419-0379 (FAX)
Email address for service:  courtecl@edcombs.com

## **NOTICE OF LIEN AND ASSIGNMENT**

Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards. All rights relating to attorney's fees have been assigned to counsel.

_____
Daniel A. Edelman

Daniel A. Edelman
EDELMAN, COMBS, LATTURNER
     & GOODWIN, LLC
20 S. Clark Street, Suite 1500
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)

T:\32227\Pleading\Complaint_Pleading.WPD

## DOCUMENT PRESERVATION DEMAND

Plaintiff hereby demands that defendant take affirmative steps to preserve all recordings, data, documents, and all other tangible things that relate to plaintiff, the events described herein, any third party associated with any telephone call, campaign, account, sale or file associated with plaintiff, and any account or number or symbol relating to them. These materials are likely very relevant to the litigation of this claim. If defendant is aware of any third party that has possession, custody, or control of any such materials, plaintiff demands that defendant request that such third party also take steps to preserve the materials. This demand shall not narrow the scope of any independent document preservation duties of the defendant.

_____
Daniel A. Edelman